UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION
CIVIL ACTION:_____
Removed from the Circuit Court of Leslie County, Kentucky
Civil Action No.: 14-CI-00183

**ELECTRONICALLY FILED**

ROGER COMBS                                                                              PLAINTIFF

v.                                **NOTICE OF REMOVAL**

CONSECO HEALTH INSURANCE
COMPANY, A Member of CNO SERVICES, LLC                                DEFENDANT

\*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\*

COMES NOW Defendant, WASHINGTON NATIONAL INSURANCE COMPANY, formerly known as Conseco Health Insurance Company (hereinafter referred to as "Washington National") by counsel, pursuant to 28 U.S.C. §§ 1332, 1441(a) and 1446(b)(3), and hereby gives notice of removal of the above-styled matter from the Circuit Court of Leslie County, Kentucky, Civil Action No. 14-CI-00183, to the United States District Court for the Eastern District of Kentucky, London Division.

The Civil Cover Sheet is attached hereto as <u>Exhibit A</u>. In support of removal, Washington National states as follows:

1.  On October 29, 2014, Plaintiff, Roger Combs ("Plaintiff") filed a Complaint ("Complaint") against Washington National in the Circuit Court of Leslie County, Kentucky, Civil Action No. 14-CI-00183 (the "State Court Action").

2.  Washington National filed its Answer to the Complaint on December 8, 2014 ("Answer").

3. Copies of all process and pleadings in the State Court Action are attached hereto as <u>Exhibit B</u>, as required by 28 U.S.C. § 1446(a).

4. The Complaint generally alleges Washington National committed breach of contract (Ex. B, Compl.¶¶ 46-50), intentional infliction of emotional distress (Ex.B, Compl.¶¶ 51-54), breach of the covenant of good faith and fair dealing, and unfair claims and settlement practices (Ex.B, Compl.¶¶ 55-60).

## I. THE PROCEDURAL REQUIREMENTS OF REMOVAL ARE MET

### A. THIS REMOVAL NOTICE IS TIMELY.

5. In general, 28 U.S.C. § 1446(b)(1) provides that notice of removal shall be filed within thirty days after receipt by the defendant, through service, summons or filing, whichever is first, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

6. The Complaint filed in this matter did not make a specific demand for damages. (See Ex.B, Compl. generally).*See* Ky. R. Civ. P. 8.01(2) ("[T]he prayer for damages in any pleading shall not recite any sum as alleged damages other than an allegation that damages are in excess of any minimum dollar amount necessary to establish the jurisdiction of the court . . . .").

7. When this action was initially filed, it was impossible for Washington National to have known with "legal certainty" that this action was removable. *See,Wood v. Malin Trucking*, 937 F. Supp. 614, 617, 1995 U.S. Dist. LEXIS 21243 * 9 (E.D. Ky. 1995), citing*St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 82 L. Ed. 845, 58 S. Ct. 586 (1938).

8. The course of conduct expected and endorsed by the courts in this district is to seek removal after the complaint is filed, upon actual notice that the amount in

controversy exceeds the threshold amount for diversity jurisdiction. *See,Giffin v. Runyons*, 2011 U.S. Dist. LEXIS 122092 (E.D. Ky. Oct. 21, 2011), *citing, Minix v. Kawasaki Motors Corp.*, No. 09-90, 2009 U.S. Dist. LEXIS 65312 , 2009 WL 2212282, at *3 (E.D. Ky. July 23, 2009).

9. As explained in *Wood v. Malin Trucking*, 937 F. Supp. 614, 617, 1995 U.S. Dist. LEXIS 21243 * 9 (E.D. Ky. 1995), *quoting, Rollwitz v. Burlington N. Railroad*, 507 F. Supp. 582, 1981 U.S. Dist. LEXIS 10638 (D. Mont. 1981):

> Defendants herein should not have been required to "speculate," "guess," "assume," or "expect" that this action was removable at the time the complaints were filed. Once the Defendants learned through discovery that each Plaintiff's claims for damages exceeded $50,000, they timely filed a Notice of Removal, pursuant to 28 U.S.C. § 1446(b).

10. When a case is not originally removed, 28 U.S.C. § 1446(b)(3) provides that notice of removal may be filed "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or **other paper** from which it may first be ascertained" that removal is proper (***emphasis supplied***).

11. A demand letter requesting settlement in excess of $75,000 constitutes "other paper" within the meaning of 28 U.S.C. § 1446(b)(3). *Nagarajan v. Ostruskza*, 2012 U.S. Dist. LEXIS 149998 pp.* 8-9 (W.D. Ky. Oct. 17, 2012) (Following case law in other federal courts, district court held that the demand letter "clearly and unequivocally" provided notice that [Plaintiff] offered to settle for $300,000, a figure well above the $75,000 threshold).

12. Counsel for Plaintiff sent to counsel for Washington National a letter dated June 22, 2015, demanding settlement in the amount of $750,000 ("Settlement Letter"). Settlement Letter, attached hereto as Exhibit C.

3

13. In the Settlement Letter, Plaintiff's counsel provided informally copies of "the majority of" medical records in an effort to allow the parties to "begin an analysis of the numbers." (Ex. C, Settlement Letter, p.1)

14. The Settlement Letter was delivered via United States Postal Service to the office of counsel for Washington National on June 25, 2015, tracking number 9114999944313949956763 (USPS.com Tracking, attached hereto as Exhibit D).

15. Washington National is removing this action within thirty (30) days from June 25, 2015, the date the Settlement Letter was delivered to counsel for Washington National and the date that Washington National first received actual notice, within the meaning of 28 U.S.C. § 1446 (b)(3), that the amount in controversy in this case exceeds $75,000.

16. Furthermore, Washington National is removing this action within one year from October 29, 2014, the date the Complaint was filed, thereby dispensing with any showing of bad faith on behalf of Plaintiff. *Compare*, 28 U.S.C. § 1446 (c)(1) (case may not be removed more than one year after commencement of the action unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action).

17. Washington National's *Notice of Removal* is therefore timely.

**B. VENUE IS PROPER IN THIS COURT.**

18. Venue properly lies in the United States District Court for the Eastern District of Kentucky, London Division, under 28 U.S.C. § 1391(a)(2) and 28 U.S.C. § 97(a), as this Division of the District embraces the location of the Kentucky State court where the State Court Action is currently pending.

### C.  NOTICE OF REMOVAL IS BEING GIVEN TO ALL ADVERSE PARTIES.

19.  As required by 28 U.S.C. §1446(d), written Notice of Removal is being given to all adverse parties, and a copy of the Notice is being filed with the Circuit Court of Leslie County, Kentucky, Civil Action No. 14-CI-00183.

### D.  THIS COURT HAS ORIGINAL JURISDICTION.

20.  This case is properly removable under 28 U.S.C. § 1441(a), which provides in relevant part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending...

21.  This Court has original jurisdiction under diversity of citizenship and the amount in controversy requirement, pursuant to 28 U.S.C. § 1332(a).

#### 1.  Diversity of Citizenship Exists.

22.  This is an action between citizens of different states.

23.  The citizenship of a natural person is equated with his or her domicile. *Certain Interested Underwriters at Lloyd's v. Layne*, 26 F.3d 39, 41 (6th Cir. 1994).

24.  "To acquire domicile within a particular state, a person must be physically present in the state and must have either the intention to make his home there indefinitely or the absence of an intention to make his home elsewhere." *Stifel v. Hopkins*, 477 F.2d 1116, 1120 (6th Cir. 1973)

25. According to the Complaint, Plaintiff is a resident of Hindman, Kentucky (Compl. ¶ 1), an allegation that Washington National does not dispute, and in fact, admitted as true in its Answer (Ex. B. Answer, ¶ 1).

26. Plaintiff was also living in Hindman, Kentucky in 2005 when a claim was made. See Business Records Affidavit of Chris Levario and claim, attached hereto as Exhibit E.

27. The place where a man lives is properly taken to be his domicile absent a showing to the contrary.*District of Columbia v. Murphy*, 314 U.S. 441, 445, 62 S. Ct. 303, 310, 86 L. Ed. 329, 1941 U.S. LEXIS 1248 (1941).

28. Long–term residency in a particular location gives rise to a presumption that such location is the person's domicile. *See, Novel v. Zapor*, 2013 U.S. Dist. LEXIS 39473 *20 (S.D. Ohio Mar. 21, 2013), citing *District of Columbia v. Murphy*, 314 U.S. 441, 445-455, 62 S. Ct. 303, 310, 86 L. Ed. 329, 1941 U.S. LEXIS 1248 (1941)(ten year residency in Thailand with no plans to return to New York established Thailand as domicile).

29. Plaintiff is now a resident of Kentucky and has been a resident of Kentucky since at least 2005, and is therefore domiciled in and a citizen of the State of Kentucky.

30. A corporation's citizenship is based on its State of incorporation and principal place of business. 28 U.S.C. § 1332(c)(1).

31. Here, Washington National is the surviving entity from a merger with Defendant Conseco Health Insurance Company effective October 1, 2010, such that Washington National and Defendant Conseco Health Insurance Company are one and the same entity. Affidavit of Ronald L. Jackson, attached hereto as Exhibit F.

32. Washington National is a corporation organized and existing pursuant to the laws of the State of Indiana, with its principal place of business located in Indiana. (Ex F,Aff., Jackson, ¶ 3); (Ex. B, Compl.¶ 2- 3);(Ex. B, Answer, ¶ 2).

33. Therefore, Washington National is a citizen of Indiana for diversity jurisdiction purposes. *See* 28 U.S.C. §1332(c)(l).

34. Notwithstanding the caption and Plaintiff's allegations to the contrary, Conseco Health Insurance Company, now Washington National, is not a member of CNO Services, LLC (Ex B, Answer, ¶2); (Ex F, Aff., Jackson, ¶ 4).

35. It does not appear that the Plaintiff intended to name CNO Services LLC as a separate defendant.

36. Regardless, CNO Services, LLC is an Indiana Limited Liability Company and its members are CNO Financial Group, Inc., a Delaware corporation with its principal place of business in Indiana, CDOC, Inc., a Delaware corporation with its principal place of business in Indiana, and CNO Management Services Company, a Texas corporation with its principal place of business in Indiana. (Ex F, Aff., Jackson, ¶ 4).

37. A limited liability company has the citizenship of each of its members. *Realco Ltd. Liab. Co. v. AK Steel Corp.*, 2008 U.S. Dist. LEXIS 36669 *2 (E.D. Ky. May 5, 2008).

38. Therefore, CNO Services, LLC is a citizen of the State of Indiana, Delaware, and Texas.

39. For the foregoing reasons, diversity of citizenship exists between Plaintiff, a citizen of Kentucky, and Washington National, a citizen of Indiana, and if included in the analysis, CNO Services, LLC, a citizen of Indiana, Delaware and Texas.

### 2. The Amount in Controversy Requirement is Satisfied.

40. The diversity statute requires that "the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

41. The amount in controversy is determined by the amount demanded, not what will ultimately be recovered. *St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289-290 (1938); Nathan v. Rock Springs Distilling Co.*, 10 F.2d 268, 1926 U.S. App. LEXIS 2193 (6th Cir. Ky. 1926) (The jurisdiction of a federal court is determined by the amount claimed in the petition, and not by the amount that the plaintiff may ultimately recover).

42. Defendant must demonstrate that the amount in controversy with respect to each individual plaintiff, more likely than not, exceeds $75,000. *Russell v. McKechnie Vehicle Components USA, Inc.*, 2011 U.S. Dist. LEXIS 96538 *3 (E.D. Ky. Aug. 26, 2011).

43. Jurisdiction is determined at the time of removal, and events either pre- or post-removal do not oust diversity jurisdiction. *Powell v. Wal-Mart Stores, Inc.*, 2015 U.S. Dist. LEXIS 56513 * 6, *citing, Fakouri v. Pizza Hut of America, Inc.*, 824 Fd.2d 470 (6th.Cir.1987).

44. A settlement demand in excess of $75,000 constitutes "other paper" within the meaning of 28 U.S.C. § 1446(b) (3) and is relevant evidence as to the amount in controversy if it reflects a reasonable estimate of the plaintiff's claim. *Russell v. McKechnie Vehicle Components USA, Inc.*, 2011 U.S. Dist. LEXIS 96538 *2 (E.D. Ky. Aug. 26, 2011).

45. In addressing the amount in controversy, Washington National does not concede the validity of Plaintiff's claims, nor does it attempt to predict what Plaintiff will recover.

46. Without conceding the validity thereof, Plaintiff's Settlement Letter is "reasonable," in that it purports to set forth facts and documentation in support of the legal claimsof breach of contract and bad faith against Washington National, and a settlement figure. (Settlement Letter, Ex. C).

47. The demand made in the Settlement Letter for $750,000 the supporting argument contained therein, and the documents enclosed, establish by a preponderance of the evidence that the amount in controversy exceeds the $75,000 threshold for diversity jurisdiction.

## II. ADOPTION AND RESERVATION OF DEFENSES

48. Nothing in this *Notice of Removal* shall be interpreted as a waiver or relinquishment of any of Washington National's rights to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) failure to join indispensable parties; (8) any other pertinent affirmative defenses or counterclaims under Kentucky law or Fed. R. Civ. P. 12, any state or federal statute, or otherwise; or (9) arbitration.

**WHEREFORE,** Defendant Washington National, by counsel, respectfully requests that the State Court Action be removed from the Circuit Court of Leslie County,

Kentucky, to the United States District Court for the Eastern District of Kentucky, London Division, and proceed as an action properly removed thereto.

This 6th day of July, 2015.

                                  Respectfully submitted:

                                  NUNERY & CALL, PLLC
                                  105 East Main Street
                                  Campbellsville, Kentucky 42718
                                  Telephone: (270) 789-2466
                                  Fax: (270) 789-0709

                                  By:/s/DAVID A. NUNERY


## CERTIFICATE OF SERVICE

This is to certify that the foregoing has been filed electronically with the Clerk of the Court using the CM/EFC System which will send a notice of electronic filing to:

Hon. Cheryl Lewis
P. O. Box 1927
Hyden, KY 41749


This 6th day of July, 2015.

                                  /s/ DAVID A. NUNERY